IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY NEWBOLDS, ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 05-225-WDS |
| ) | |
| GARY TYNER, TOM CUNDIFF, DAVE ) | |
| SWEEDEN, ROBERT CRAIG and ) | |
| SHARON CLARK, ) | |
| ) | |
|       Defendants. ) | |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Plaintiff, currently an inmate in the Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In this action, Plaintiff complains about various aspects of his medical treatment, as well as assaults upon him by other inmates, which occurred while he was housed in the Williamson County Jail.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

Section 1983 provides a private remedy for protecting constitutional rights. *Albright v. Oliver*, 114 S.Ct. 807, 811 (1994). "Section 1983 'is not itself a source of substantive rights' but merely provides a 'method for vindicating federal rights elsewhere conferred.'" *Albright*, 114 S.Ct. at 811 (emphasis added) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). In a Section 1983 case, courts look to the personal injury laws of the state where the injury occurred to determine the statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). Illinois law provides a two-year statute of limitations for personal injury actions. 735 ILCS 5/13-202. Therefore, Section 1983 claims arising in Illinois are governed by a two-year statute of limitations. *See Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). Federal law, however, governs the accrual of such claims. *Kelly*, 4 F.3d at 511.

A Section 1983 claim accrues when "a plaintiff knows or should know that his or her constitutional rights have been violated." *Kelly*, 4 F.3d at 511. The Seventh Circuit has held that an action under Section 1983 based on the Eighth Amendment accrues at the time the injury occurs. *See* 735 ILCS 5/13-202; *Shropshear v. Corp. Counsel of City of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001); *Goodhand v. United States*, 40 F.3d 209, 212 (7th Cir. 1994) (statute of limitations begins to run upon the discovery of the injury, even if the full extent of the injury is not discovered until much later).

In this case, the incidents in question happened over the period beginning January 14, 1999, through, at the latest, June 28, 2000. Thus, his Section 1983 action should have been filed within two years, or by June of 2002, if not sooner. However, Plaintiff did not file this action until May

9, 2005, almost three years too late. Therefore, since Plaintiff's complaint was not filed within the statute of limitations period, his claim does not survive review under 28 U.S.C. § 1915A.

Accordingly, this action is **DISMISSED with prejudice**. Plaintiff should consider his complaint dismissed as frivolous within the meaning of 28 U.S.C. § 1915A(b)(1). Therefore, Plaintiff is **ADVISED** that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). *See Okoro v. Bohman,* 164 F.3d 1059, 1063 (7th Cir. 1999) ("The term 'frivolous' is used to denote not only a claim wholly lacking in merit but also a suit that, for whatever reason, clearly can't be maintained.").

**IT IS SO ORDERED.**

**DATED: January 29, 2007.**

                                                                        **s/ WILLIAM D. STIEHL**
                                                                        **DISTRICT JUDGE**